## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **FISHER BROWN BOTTRELL** | * | **CIVIL ACTION** |
| **INSURANCE, INC.** | * | |
|     **Plaintiff,** | * | **JUDGE** |
| | * | |
| **v.** | * | **MAGISTRATE JUDGE** |
| | * | |
| **VANGUARD TOWERS, INC.** | * | |
|     **Defendant** | * | |

## COMPLAINT

Plaintiff, Fisher Brown Bottrell Insurance, Inc. ("FBBI"), respectfully avers and alleges as follows:

## THE PARTIES

1.

Plaintiff, FBBI, is a corporation organized under the laws of Mississippi with its principal place of business located in Jackson, Mississippi.

2.

Defendant, Vanguard Towers, Inc. ("Vanguard") is a corporation organized under the laws of Delaware with its principal place of business in West Monroe, Louisiana.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and, as set forth below, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because Vanguard's principal place of business is located at 807 Drago Street, West Monroe, LA 71291, and thus, plaintiff resides within this judicial district and division.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the judicial district of the Western District of Louisiana, Monroe Division.

## **FACTUAL ALLEGATIONS**

5.

Vanguard is an excavation, cell tower, and internet equipment installation contractor that requires insurance to conduct business.

6.

To facilitate its business, Vanguard requested that FBBI procure for Vanguard a commercial general liability insurance policy ("CGL Policy") and a commercial excess umbrella insurance policy ("Umbrella Policy") from third-party insurer, Kinsale Insurance Company ("Kinsale").  FBBI procured both a CGL Policy and an Umbrella Policy for Vanguard for the policy period of February 18, 2021 to February 18, 2022 (the "21-22 Policy Period"), which policies were renewed for the period of February 18, 2022 to February 18, 2023 (the "22-23 Policy Period").

7.

Under the terms of the CGL Policy and the Umbrella Policy, Vanguard agreed that its CGL Policy premium and its Umbrella Policy premium would be calculated based on several factors, including Vanguard's gross sales for the policy period.

8.

Vanguard owed initial premiums for the CGL Policy and the Umbrella Policy for the 21-22 Policy Period based upon Vanguard's estimated sales of $3.1 million for the same period.

9.

Vanguard obtained third-party financing to pay the premiums owed for both the 21-22 Policy Period and the 22-23 Policy Period from AFCO Credit Corporation ("AFCO").

10.

Pursuant to the CGL Policy and the Umbrella Policy, Vanguard further agreed that following the end of each policy period, Kinsale would audit Vanguard's actual gross sales and that the final premiums would be adjusted accordingly.  If actual gross sales exceeded the estimate, Vanguard agreed it would owe additional amounts for the premium (i.e., an audit premium) based upon the formulas set forth in the policies.

11.

At the end of the 21-22 Policy Period, Kinsale audited Vanguard's books and records and determined that Vanguard's gross sales were $9,697,316, significantly higher than the estimate on which the premiums had been based.  As a result of the audit, Vanguard owed audit premiums of $63,591.00 under the CGL Policy and $43,342.00 under the Umbrella Policy for the 21-22 Policy Period.  A copy of the Audit Endorsements reflecting the calculation of the audit premiums for the CGL Policy and the Umbrella Policy are attached hereto as Exhibits 1 and 2.

12.

As required by the contract between FBBI and Kinsale, FBBI remitted the audit premiums plus taxes owed by Vanguard to Kinsale for the 21-22 Policy Period.  On October 28, 2022, FBBI notified Vanguard that audit premiums of $63,591.00 and $43,342.00 were now due on the CGL

Policy and the Umbrella Policy, respectively, plus taxes. FBBI invoiced Vanguard for the audit premiums. Vanguard has failed to remit any payment to FBBI for the audit premiums (totaling $106,933.00) and taxes (totaling $5,186.25), both of which are now due and outstanding.

13.

Vanguard is not entitled to the benefit of any credit resulting from the December 13, 2022, cancellation of the CGL Policy and the Umbrella Policy for the 22-23 Policy Period (the "Cancellation Credit") against amounts due and owing to FBBI for the audit premiums due for the 21-22 Policy Period. Because Vanguard financed the payments of these premiums through AFCO, which paid the premiums in full on behalf of Vanguard, the Cancellation Credit inured to the benefit of AFCO, not Vanguard. On information and belief, the Cancellation Credit is not sufficient to satisfy Vanguard's outstanding indebtedness owed to AFCO. FBBI's Statement dated January 3, 2023, applying the Cancellation Credit to amounts due and owing to FBBI issued in error, and FBBI issued and delivered a corrected statement to Vanguard on March 30, 2023. A true and correct copy of the corrected statement and the e-mail transmitting it are attached hereto as Exhibit 3.

## COUNT I: BREACH OF CONTRACT

14.

FBBI incorporates by reference the allegations contained in the preceding paragraphs.

15.

FBBI and Vanguard entered into valid and binding agreements.

16.

Vanguard breached the agreements by failing to pay the amounts owed pursuant to the agreements.

-4-
6061225

-5-

17.

As a direct and proximate result of Vanguard's breaches, FBBI has suffered damages in the amount of $112,119.25, plus interest at the legal rate.

## COUNT II: SUIT ON OPEN ACCOUNT

18.

FBBI incorporates by reference the allegations contained in the preceding paragraphs.

19.

FBBI procured the CGL Policy and Umbrella Policy for Vanguard.  Vanguard accepted the policies and became bound to pay FBBI the amounts owed following the audit.

20.

FBBI invoiced Vanguard for the amount owed for the audit premiums, plus taxes, on open account.  Vanguard has failed to remit payment on the invoices, and the entire amount of $112,119.25 remains due and owing.

21.

Vanguard is liable to FBBI for the audit premiums and taxes invoiced on open account in the amount of $112,119.25.

22.

Pursuant to Louisiana Revised Statute § 9:2781(A), the issuance of summons/citation and service of this Petition/Complaint is deemed a written demand.

23.

If Vanguard fails to remit payment to FBBI in the amount of $112,119.25 within fifteen days of service of the summons and Complaint, Vanguard shall be liable for FBBI's reasonable attorney's fees incurred in prosecuting this action.  La. Rev. Stat. § 9:2781.

## COUNT III: UNJUST ENRICHMENT

24.

FBBI incorporates by reference the allegations contained in the preceding paragraphs.

25.

Alternatively, FBBI paid the audit premiums owed by Vanguard. Vanguard received and accepted the benefits of FBBI's payments on its behalf but did not repay FBBI as promised.

26.

Vanguard received valuable benefits without payment. Vanguard's retention of the benefits conferred by FBBI without payment violates principles of justice, equity, and good conscience.

27.

It would be unjust for Vanguard to retain the benefits conferred upon it by FBBI. Therefore, FBBI is entitled to recover from Vanguard the reasonable value of the wrongfully accepted benefits.

28.

The reasonable value of the benefits for which Vanguard has not paid is $112,119.25, plus interest at the legal rate.

**WHEREFORE**, Fisher Brown Bottrell Insurance, Inc. prays for a judgment against Vanguard Towers, Inc. for all amounts owed to Fisher Brown Bottrell Insurance, Inc. plus interest, attorneys' fees, costs, and expenses, and for such further legal, equitable and additional relief to which it may be entitled.

Date:   April 3, 2023.

6061225

Respectfully submitted,

 /s/   Carey L. Menasco
Carey L. Menasco (La. Bar No. 28131)
Melanie Derefinko (La. Bar No. 37658)
**LISKOW & LEWIS, APLC**
701 Poydras Street, Suite 5000
New Orleans, LA  70139
Telephone:       (504) 581-7979
Facsimile:        (504) 556-4108
Email: clmenasco@liskow.com
            mderefinko@liskow.com

*Attorneys for Fisher Brown Bottrell Insurance, Inc.*

-7-

6061225